IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT 3 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

SHELLEY FEDERICO, et al.,
Plaintiffs,

v.            Civil No. 2:12cv80

LINCOLN MILITARY HOUSING, et al.,
Defendants.

NATASHA CHAPARRO, et al.,
Plaintiffs,

v.            Civil No. 2:12cv466

LINCOLN PROPERTY COMPANY, et al.,
Defendants

## OPINION AND ORDER

This matter is presently before the Court on Defendants' Motion to Consolidate (ECF No. 41). On September 17, 2012, the Court withheld its ruling on Defendants' Motion to Consolidate and ordered the Federico Plaintiffs to file a brief to show cause why the above-captioned cases should not be consolidated. Plaintiffs filed their show cause brief on September 19, 2012, and this matter is now ripe for decision. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion and **CONSOLIDATES** the above-captioned cases for the purposes of pre-trial motions, discovery, and possible fault. These matters will be handled separately for the purpose of determining damages.

### I. FACTUAL BACKGROUND

Both of the above-captioned cases were filed in the Circuit Court for the City of Norfolk, Virginia, raising tort, statutory, and contract claims for alleged damages and

injury "suffered from damp indoor space and mold exposures" at "rental military housing" located in Norfolk, Virginia. *See* Federico Compl. ¶¶ 1-2, ECF No. 1; Chaparro Compl. ¶¶ 1-2, ECF No. 1. The plaintiffs in the two actions, Natasha Chaparro and Angel Chaparro-Mendoza (the "Chaparros"), and Joe and Shelley Federico (the "Federicos") (the Chaparros and Federicos, collectively, are hereinafter referred to as "Plaintiffs"), are all represented by the same counsel, The Environmental Law Group, PLLC, and other identical counsel. The "rental military housing" at which each Plaintiff resides or resided is located on the same federal enclave in Norfolk, Virginia.

Both actions were brought against common defendants, the operators of the "rental military housing" in question. All of the Plaintiffs in the two actions have sued Lincoln Military Housing, LLC, Mid-Atlantic Military Family Communities LLC, and LPC Property Management, Inc. Chaparro Compl. ¶¶ 4-6; Federico Compl. ¶¶ 3-5. Additionally, the Chaparro action asserts claims against Lincoln Property Company and the Federico Complaint names an unspecified "John Doe." Chaparro Compl. ¶ 3; Federico Compl. ¶ 6.

Both actions raise nearly identical claims. Both sets of Plaintiffs allege causes of action for negligence and negligence per se. Chaparro Compl. ¶¶ 86-104; Federico Compl. ¶¶ 102-134. Additionally, Plaintiffs assert breach of contract claims based on the same lease agreement and claims alleging violations of the Virginia Residential Landlord and Tenant Act ("VRLTA"). Chaparro Compl. ¶¶ 79-85; Federico Compl. ¶¶ 80-101. Both actions have been removed to this Court. In the case of the Federicos, this Court has ruled that is has jurisdiction. *See* ECF No. 61. In the case of the Chaparros, Plaintiffs concede that diversity jurisdiction exists. Pl.'s Resp. Show Cause 1.

## II. APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 42(a) states the following: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." District courts have broad discretion under Rule 42(a) to consolidate causes pending in the same district. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). Judicial economy generally favors consolidation, but a court must conduct a careful inquiry in this regard that "balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender." *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 238-39 (E.D. Va. 1999) (citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982)).

Plaintiffs argue that judicial economy will not be served by consolidating these matters because the Federicos and Chaparros each experienced different incidents in different locations with different facts and circumstances giving rise to their state law claims. Pl.'s Resp. Show Cause 4. However, Plaintiffs concede that "there are certain elements of the discovery process that may be appropriate for consolidation if and when that time comes." *Id.* Plaintiffs also state that "[t]he Federicos and Chaparros each make similar claims against nearly all the same Defendants, but the actions are not identical in their entirety." *Id.* at 5. The standard before the Court, however, is not whether or not the facts or law present in each case are identical—it is whether they are common. In addition, the Rule only requires that a common question of law *or* fact be involved.

Thus, the text of the rule requires only a common question of fact or a common question of law, but not both, for consolidation to be proper. Nevertheless, the Court finds that both common questions of fact and law exist in the matters before it. For example, in *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n. 2 (4th Cir. 1997), the Fourth Circuit found that consolidation of actions was proper and involved a common question of law or fact when the claims were "brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered the same defenses." *Harris* involved sexual harassment claims made by two employees against their employer. The two employees did not have identical experiences of harassment. Indeed, each plaintiff experienced different incidents in different locations with different facts and circumstances giving rise to their harassment claims. *Id.*

The matters presently before the Court are similar to the *Harris* case in that although the Federicos and Chaparros' claims involve separate incidents in separate locations with varying facts and circumstances, these separate incidents are common because they both allege damages and injury that have allegedly resulted from the same harm—damp indoor space and mold exposures at their rental military housing located in Norfolk, Virginia. This is a common fact that has led to very similar claims against virtually identical defendants. To a large extent, the factual and legal issues involved in this matter will rely on the same witnesses, particularly on the part of Defendants, regarding the same type of misconduct, and Defendants will advance the same defenses in both actions.

In this matter, the Court finds that the suits brought by the Federicos and Chaparros involve common questions of law and fact. In addition, the Court finds that

the benefits of consolidation, namely the risk of inconsistent determinations and the fact that consolidation will promote efficiency of the judicial process and economy of judicial resources, outweigh any possible prejudice to the parties or risk of confusing or overwhelming the jury. Plaintiffs expressed concern that consolidation will delay the proceedings in the Federico case. However, the Court has only just determined its jurisdiction in that case, and the Court finds the opposite—consolidation will expedite trial in both matters and will eliminate unnecessary repetition and confusion.[1] In addition, the Court recognizes that these matters will have to be separated for the purpose of determining damages. However, the Court finds that commons questions of fact and law are present and sufficient to consolidate these cases for the purposes of pre-trial motions, discovery, and possible fault.

### III. CONCLUSION

For the reasons set forth above, the Court finds that above-captioned cases present common questions of fact and law. Therefore, the Court hereby **GRANTS** Defendants' Motion to Consolidate and hereby **CONSOLIDATES** the above-captioned cases for the purposes of pre-trial motions, discovery, and possible fault. The Court will handle these matters separately for the purpose of determining damages. The Court further **ORDERS** the Clerk of Court to assign 2:12cv466 currently assigned to the Honorable Raymond Jackson to the Honorable Robert G. Doumar. The Clerk of Court is **DIRECTED** to deliver a copy of this Order to all Counsel of Record. **IT IS SO ORDERED.**

September 3, 2012, Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge

---

[1] In their brief, Plaintiffs appear to blame the Court for the delay in the ruling on jurisdiction. The Court notes that this was a complex issue as evidenced by the lengthy order entered by the Court. Furthermore, the Court had set an expedited, simultaneous briefing schedule on that issue. It was Plaintiffs who not only asked for more time to file a brief, but who also asked for the opportunity to file a rebuttal brief. The Court granted that request, and interestingly Plaintiffs never filed a rebuttal brief.