IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



SHELLEY FEDERICO, et al.,

    Plaintiffs,

v.                                  CIVIL NO. 2:12cv80

LINCOLN MILITARY HOUSING, LLC, et al.,

    Defendants.

THEO J. DELOREY, et al.,

    Plaintiffs,

v.                                  CIVIL NO. 2:13cv359

LINCOLN PROPERTY COMPANY, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon motion of defendant National Restoration, Inc. ("Defendant"), to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, ECF No. 153. Defendant asks the Court to dismiss the Amended Complaint, Case No. 2:13-cv-359, ECF No. 11, of plaintiffs Theo J. Delorey and Rachael M. Delorey, jointly, and Rachael M. Delorey individually ("Plaintiffs") for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion shall be **GRANTED**.

    I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in the instant case are Theo J. Delorey, a Navy Corpsman, and his wife, Rachael M. Delorey. They leased apartments in military housing communities managed and

operated by a public-private venture known as Mid-Atlantic Military Families, LLC ("Mid-Atlantic"). Plaintiffs and others have brought eight separate lawsuits for personal injury and property damage, which have been joined together in this consolidated action following removal from state court.

In June 2010, Plaintiffs moved into a different unit of military housing to accommodate their child who had a handicap. They allege that, among other problems with the apartment, the carpet had black stains and a "strong, musty odor," and that these defects were caused by mold and water damage. Amended Complaint ¶¶ 20–21.

Most relevant to the instant Motion to Dismiss, Plaintiffs allege that Defendant contractor was hired to clean their carpets. This took place in November, 2010. Amended Complaint ¶ 25. Plaintiffs were required to move their belongings from carpeted areas and asked to stay out of their apartment for three hours to allow the carpets to dry after cleaning. Id. Plaintiffs allege that even though they came back eight to nine hours after the cleaning was completed, the carpets were still "soaking wet." Id. ¶ 26. Plaintiffs further allege that even after drying the carpets themselves, the stains and odor returned a few days later. Id. ¶¶ 27–30. Plaintiffs claim that Defendant negligently cleaned the carpets in violation of a duty of reasonable care and that this negligent cleaning contributed to Rachael Delorey's medical problems. Id. ¶¶ 115–119.

Defendant has filed the instant Motion, ECF No. 153, in which it asks the Court to dismiss the Amended Complaint alleging common law negligence against it. Plaintiffs have filed a Response, ECF No. 165, and Defendant has filed a Reply to that Response, ECF No. 168. The matter is now ripe for decision.

II. **MOTION TO DISMISS STANDARD**

Defendant has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering motion to dismiss for failure to

state a claim upon which relief may be granted, the plaintiff's complaint is to be construed in the "light most favorable to the plaintiff." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The defendant has the burden of showing that no claim has been stated. See Edwards, 178 F.3d at 244 ("[A] Rule 12(b)(6) motion should only be granted if, after accepting all well pleaded allegations in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.").

"To survive dismissal, the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As the Fourth Circuit has explained,

> The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." It requires the plaintiff to articulate facts, when accepted as true, that "show" the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'"

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Nevertheless, when considering a motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. Twombly, 550 U.S. at 563.

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights Ltd., 551 U.S. 308, 322 (2007).

### III. ANALYSIS

Defendant's Motion to Dismiss is granted because Plaintiffs failed to plead sufficient facts to show that Defendant either owed them a duty of care or proximately caused their

injuries. Because Plaintiffs' claim is one of negligence, Virginia tort law applies.

A.     DEFENDANT OWED PLAINTIFFS NO DUTY OF CARE

Virginia has "adopted the common-law principle of assumption of duty." Burns v. Gagnon, 283 Va. 657, 672 (2012). This means that when one chooses to act, there is a duty to act carefully. Id. However, that duty is limited by the scope of the action undertaken. Specifically in the repair context, the Virginia Supreme Court has held that repairers do not need to look for or warn about preexisting dangers that are not within the scope of what they were asked to fix. Baker v. Poolservice Co., 272 Va. 677, 685 (2006). When a repairer is hired to fix one problem, it assumes no duty regarding other problems that may already exist. Id. After competently performing its work, a repairer is "under no duty to warn of any potential dangers unrelated to its specific undertaking." Id. at 686. In other words, a repairer assumes "no duties outside the parameters for which it ha[s] contracted." Id.

This principle is well illustrated by the facts of the Baker case itself. There, a contractor was hired to clean a spa and determine why it was not fully in working order. Id. at 681. A few days after the defendant returned the spa's pump to normal working order, the suction from the spa's drain cover tragically pinned the plaintiffs' young daughter underwater, drowning her. Id. Although the defendant's repairs contributed to the death, the court held that the defendant did not have a duty to warn the plaintiffs of the danger of increased suction or to minimize that danger. Id. at 685. The court reasoned that

> [The defendant] did precisely what the homeowners hired it to do: return the spa to its normal, working condition. [The defendant] thus did not create an unsafe condition through its repairs because any allegedly unsafe condition existed when the spa operated as intended, and had been present since the spa was manufactured and installed. Returning the spa to its normal, working condition is not a basis of liability for a repairman absent a specific undertaking to do otherwise, which is wholly absent in this case.

Id. Because there was no specific undertaking to make the pool safe generally, or to inspect the

4

drain cover, the defendant did not owe the plaintiffs a duty to do so.

Just as in Baker, Plaintiffs in the instant case have failed to plead sufficient facts to show that Defendant owed them the duty that was allegedly breached. Plaintiffs' Amended Complaint alleges that Defendant was hired to clean Plaintiffs' carpet. Amended Complaint ¶ 7, 21–25. Although they also allege that the carpets were dirty due to mold, and that Defendant had knowledge of and specialized in mold remediation, they make no allegation that Defendant was employed to undertake any mold-related actions. Id. Regardless of what capacities Defendant corporation may have had regarding mold remediation, it "assumed no duties outside the parameters for which it had contracted." Baker, 272 Va. at 686. In this case, Defendant was only hired to clean the carpets, not to remove mold conditions. Therefore, Defendant had no duty to remediate or to warn about any mold-related dangers that may have existed in Plaintiffs' home.

The fact that Defendant left the carpets in Plaintiffs' home wet does not change this analysis. Leaving moisture in carpets is a step in the cleaning process, as evidenced by Defendant alerting Plaintiffs to the fact that their carpets would remain wet for at least a few hours after Defendant had finished. Amended Complaint ¶ 25. Even assuming, arguendo, that the clean but wetted carpet exacerbated the danger of mold, just as the repairs in Baker increased the risk of drowning, the dispositive fact is that mold remediation was still outside the scope of Defendant's contract. Plaintiffs' injuries were not caused by any negligent cleaning of their carpets by Defendant, but rather allegedly by a preexisting mold condition that the carpet cleaning allegedly exacerbated. Under Virginia law, Defendant had no duty to remediate the mold condition even if it knew or should have known about it because Defendant was hired solely to clean the carpets.

    **B.**    **PLAINTIFFS FAIL TO ESTABLISH CAUSATION**

Virginia law defines the proximate cause of an event as "that act or omission which, in

5

natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." Banks v. City of Richmond, 232 Va. 130, 135, (1986) (internal quotations omitted). In other words, a proximate cause "immediately causes or fails to prevent the injury." Id. (internal quotations omitted). The word "proximate" necessarily "excludes the notion of the intervention of any other culpable and efficient agency between the defendant's dereliction and the loss." Id. (internal quotations omitted).

Plaintiffs' Amended Complaint fails to plead sufficient facts to support a claim that Defendant's carpet cleaning proximately caused Plaintiffs' injuries. By Plaintiffs' own account, after Defendant left their carpets "soaking wet," Plaintiffs themselves dried the carpets to their satisfaction. Amended Complaint ¶¶ 26, 29. No testing of the carpet for mold was ever alleged to have been performed, and thus Plaintiffs allege no facts to support their assertion that Defendant's actions caused any mold growth. Further, numerous intervening causes that later brought significant water and damp conditions into Plaintiffs' home—including into the carpet—have been alleged. Id. ¶ 33, 35, 37. Thus, Plaintiffs' own pleadings make it clear that even if Defendant was negligent in cleaning their carpets, that negligence could not have been the proximate cause of the mold growth because the carpets did dry out after the cleaning, and they were re-wetted multiple times by events entirely outside Defendant's control. Even when the alleged facts are viewed in the light most favorable to the Plaintiffs, they have not pled sufficient facts to support a claim that Defendant's carpet cleaning was the proximate cause for their injuries.

## IV. CONCLUSION

Even when viewing the complaint in the light most favorable to Plaintiffs, Defendant owed Plaintiffs no duty of care. Furthermore, Plaintiffs have also failed to plead sufficient facts to support the causation element of their claim against Defendant. Plaintiffs have failed to state a

6

claim against Defendant upon which relief may be granted.

The Court therefore **GRANTS** Defendant's motion to dismiss pursuant to Rule 12(b)(6). ECF No. 153. Count III of Plaintiffs' Amended Complaint, Case No. 2:13cv359, ECF No. 11, is **DISMISSED** as to Defendant National Restoration, Inc.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/ Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
October 11, 2013