IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHELLEY FEDERICO, et al.,**

    **Plaintiffs,**

v.                                                        **CIVIL ACTION NO. 2:12cv80**

**MID-ATLANTIC MILITARY FAMILY
COMMUNITIES, LLC, et al.,**

    **Defendants.**

Member Cases:     2:12cv596
                          2:14cv178

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiffs' Motion for a New Trial and Renewed Motion for Judgment as to Liability, or In the Alternative, for Judgment Notwithstanding the Verdict pursuant to Federal Rules of Civil Procedure 50(b) and 59. ECF No. 994. Having reviewed the Parties' pleadings, the Court finds this matter ripe for judicial disposition. A hearing will not aid in the decisional process. For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion for a New Trial and Renewed Motion for Judgment as to Liability, or In the Alternative, for Judgment Notwithstanding the Verdict.

### I. FACTUAL AND PROCEDURAL HISTORY

A civil jury trial for this matter began on March 29, 2016. On April 14, 2016, after a twelve day trial, the jury returned a verdict in favor of the Defendants on the breach of contract claim and against Defendant Mid-Atlantic Military Family Communities, LLC on the negligence per se claim. The jury awarded Plaintiff Joe Federico $200,000 and Plaintiff Shelley Federico $150,000 dollars for the negligence per se claim.

1

Judgment was entered on April 19, 2016. ECF No. 983. Plaintiffs then timely filed the instant motion on May 17, 2016. ECF No. 994. Defendants filed their Response in Opposition on June 3, 2016. ECF No. 1004.

## II. LEGAL STANDARD

### A. Motion for a New Trial

Rule 59 of the Federal Rules of Civil Procedure provides the district court with discretion to grant a new trial on all or some of the issues previously tried. Fed. R. Civ. P. 59(a)(1). On motion, the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion pursuant to Rule 59 is considered timely filed only if filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). A "decision on a motion for a new trial rests within the sound discretion of the trial court." *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir. 1960).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") requires that a district court grant a new trial pursuant to Rule 59 only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)) (internal quotation marks omitted). Prongs one and two require the court to make factual determinations. *Fairshter v. American Nat'l Red Cross*, 322 F.Supp.2d 646, 650 (E.D. Va. 2004) (citing *Atlas Food Sys. Servs., Inc.*, 99 F.3d at 594). The final prong "requires a policy analysis

under which the 'judge's unique vantage point and day-to-day experience with such matters lend expertise.'" *Id.* (quoting *Atlas Food Sys. Servs., Inc.*, 99 F.3d at 594).

Unlike a court ruling on a Rule 50 motion for judgment as a matter of law, a court faced with a motion for a new trial pursuant to Rule 59, "may make credibility judgments in determining the clear weight of the evidence." *Lovell v. BBNT Solutions, LLC*, 295 F.Supp.2d 611, 618 (E.D. Va. 2003) (citing *Knussman v. Maryland*, 272 F.3d 625, 647 (4th Cir. 2001)). On review, "[a] district court's denial of a motion for a new trial is reviewed for abuse of discretion[] and will not be reversed 'save in the most exceptional circumstances.'" *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014) (quoting *FDIC v. Bakkebo*, 506 F.3d 286, 294 (4th Cir. 2007)).

## B. Motion for Judgment as a Matter of Law and Alternative Motion for Judgment Notwithstanding the Verdict

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, a party is entitled to judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Where the Court finds judgment as a matter of law appropriate, the Court may resolve the issue against the party and "grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1)(B). The motion "may be made at any time before or after the case is submitted to the jury ... [and] must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Where the court does not grant a motion for judgment as a matter of law during trial, the movant may, within 28 days after the entry of judgment—or if

the motion addresses a jury issue not decided by verdict, no later than 28 days after the jury was discharged—file a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). The movant may also include an alternative or joint request for a new trial under Rule 59. *Id.*

When considering the motion for judgment as a matter of law, the court reviews the evidence in the light most favorable to the non-moving party. *Fontenot v. Taser Int'l, Inc.*, 736 F.3d 318, 332 (4th Cir. 2013); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 404-05 (4th Cir. 1999). Further, "Judgment as a matter of law is proper when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Chaudhry*, 174 F.3d at 405 (internal quotation marks omitted) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir.1996)). "The movant is entitled to judgment as a matter of law if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir.1995) (internal quotation marks omitted) (quoting *Bryan v. James E. Holmes Regional Medical Ctr.*, 33 F.3d 1318, 1333 (11th Cir. 1994)).

On a renewed motion for judgment as a matter of law, the essential question before the court becomes whether substantial evidence supports the jury's findings. *Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). In deciding whether a party is entitled to judgment as a matter of law the Court must not weigh the evidence or make credibility determinations and must draw all inferences in favor of the non-movant. *Reeves v. Sanderson Plumbing Prod. Inc.*, 530 U.S. 133, 150 (2000); *Murdaugh Volkswagen, Inc., v. First Nat'l Bank*, 801 F.2d 719, 725 (4th Cir. 1986). If "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and a motion for judgment as a matter of law should be denied." *Fontenot v. Taser Int'l, Inc.*, 736 F.3d 318, 332 (4th Cir. 2013) (quoting *Myrick v.*

*Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489–90 (4th Cir. 2005)) (internal quotation marks omitted).

### III. DISCUSSION

**A. Plaintiffs' Motion for a New Trial**

Plaintiffs seek a new trial on the grounds that the jury's verdict in favor of Defendants on the breach of contract claim is against the clear weight of the evidence. Plaintiffs cite Va. Code § 55-248.13(A)(1) and argue that because the lease is governed by the Virginia Residential Landlord and Tenant Act ("VRLTA") requiring compliance with the Virginia Building Code, Defendants' failure to comply with VRLTA and the Virginia Building code constitutes a breach of lease. Plaintiffs allege that the admitted evidence clearly establishes Defendants' failure to comply with VRLTA and the Virginia Building Code, including testimony and a Court-ordered stipulation regarding the presence of mold in Plaintiff's home. Plaintiffs further argue that the jury's verdict in favor of Defendants on the breach of contract claim is inconsistent with their verdict in favor of the Plaintiffs on the negligence per se claim finding a violation of the Virginia Building Code. Plaintiffs assert that undisputed evidence was presented regarding the existence and value of property damage caused by Defendant's violation of the Virginia Building Code incorporated in the lease agreement, thereby constituting a breach of lease.

Defendants counter that a new trial is not warranted because the verdict was not against the clear weight of the evidence. Defendants assert there was conflicting evidence, which is insufficient to find a jury verdict was against the clear weight of the evidence. Defendants also contend there was sufficient evidence upon which the jury based their verdict including evidence that Plaintiffs failed to prove the damages element of their breach of contract claim, failed to mitigate alleged damages, failed to demonstrate damages were caused by the breach of lease, and

failed to substantiate the amount of damages. Further, Defendants argue Plaintiffs waived their claim of an inconsistent verdict because they failed to raise it prior to the jury being discharged. Lastly, Defendants argue the verdicts are consistent because there was sufficient evidence for the jury to find in favor of Defendants on the breach of lease claim.

The Court can order a new trial if "(1) the verdict is against the clear weight of the evidence, (2) the verdict is based upon false evidence, or (3) the verdict will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)) (internal quotation marks omitted). Plaintiffs request a new trial based on the first prong, alleging that the verdict in favor of Defendants on the breach of contract claim is against the clear weight of the evidence.

Having reviewed the record and the current pleadings, the Court finds there was sufficient evidence to support the jury's verdict. At trial, the Parties presented conflicting testimony and evidence regarding the condition of the home, the Defendants' actions to remediate the home, and the effects Plaintiffs experienced. Therefore, the jury could have reasonably found in favor of Defendants on the breach of contract claim. The Court finds there was sufficient conflicting evidence on the issue of causation and damages for the jury to conclude that Plaintiffs failed to prove the breach of contract claim by a preponderance of the evidence. As judges of the facts who determined the credibility of the witnesses, there was ample opportunity for the jury to reject in whole or in part evidence Plaintiffs offered on the breach of contract claim.

Plaintiffs also argue for a new trial because they allege the verdict in favor of Defendants on the breach of contract claim is inconsistent with the verdict in favor of Plaintiffs on the negligence per se claim. The Fourth Circuit has held that failure to raise an objection to inconsistent verdicts prior to discharge of the jury constitutes a waiver of that claim. *White v. Celotex Corp.*, 878 F.2d 144, 146 (4th Cir.1989), *cert. denied* 493 U.S. 964 (1989) ("Proper respect for the Rule mandates that failure to bring any purported inconsistencies in the jury's verdict to the attention of the court prior to the release of the jury will constitute a waiver of a party's right to seek a new trial.").

Contrary to Defendants' contentions, the transcript of the final proceedings reflects that Plaintiffs timely raised their objection prior to the jury's release in this matter.

> **THE COURT:** Ladies and gentlemen, we want to thank you for your prolonged attention and diligence for sitting in this case. Retire to the jury room and I will release you in just a few minutes. All rise.
> (Jury excused, 3:30 p.m.)
> **THE COURT:** Court is going to take a brief recess and we are going to come back and entertain any matters that the parties wish to raise.
> (Off the record, 3:32 p.m.)
> (On the record, 3:37 p.m.)
> **THE COURT:** Okay, counsel, I'm sure you understand -- to the extent you have any post-trial motions or anything you wish to raise about this case, I'm sure that you will make sure it's presented to the Court in accordance with the Federal Rules of Civil Procedure. That's about the only thing I was suggesting -- not suggesting, wanted to mention.
> Really, I don't know if there are any other matters you wish to raise?
> **MR. WISE:** Yes, Your Honor, plaintiffs have a motion to make regarding the inconsistencies between the breach of contract count and the negligence per se.

Trial Tr. 2219:1-23, ECF No. 975. After hearing brief argument from the Parties on this matter, the Court instructed Plaintiffs to make their motion in writing, along with any other motions, to be construed as post-trial motions.

> **THE COURT:** If you wish to put that motion in writing, Mr. Bailey, you may do so. The Court at this juncture will defer any ruling on any such motion, and you may put that motion for mistrial in writing if you wish to do so, and you may respond to it in writing if

you wish to do so, as a post-trial motion. ... [Y]ou have to put it in the form of a post-trial motion, and then the Court will respond to it, all right, and any other motion the parties wish to raise.").

*Id.* at 2221:7-19. At this point, the jury was recessed but not yet released. Accordingly, Plaintiffs timely raised an objection challenging inconsistent verdicts.

Nevertheless, Plaintiffs still fail on the merits of a claim of inconsistent verdicts. The Fourth Circuit has held that "the court has a duty under the Seventh Amendment to harmonize the answers, if it is possible to do so under a fair reading of them" and may only disturb the verdict when it is not possible to do so. *MCI Telecommunicatins Corp. v. Wanzer*, 897 F.2d 703, 707–08 (4th Cir. 1990) (quoting *Gosnell v. Sea–Land Service, Inc.*, 782 F.2d 464, 466-67 (4th Cir. 1986)) (internal quotation marks omitted). The Court further noted, "We must therefore attempt to reconcile the jury's findings, by exegesis if necessary, ... before we are free to disregard the jury's verdict and remand the case for a new trial." *Id.* (internal quotation marks omitted).

In order to find for the plaintiff on a breach of contract claim in Virginia, the jury must have evidence that: (1) a legally enforceable obligation of a defendant to a plaintiff existed, (2) defendant breached that obligation, and (3) the plaintiff incurred damages or injury based on that breach. *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 323, 770 S.E.2d 491, 493 (2015) (citing *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)). The Court instructed the jury that they may find in favor of Defendants on the breach of contract claim if Plaintiffs failed to prove all the elements of the claim or if Defendants proved by the greater weight of the evidence that it was impossible to perform the contract. Trial Tr. 2157:11-23, ECF No. 972. The Court also instructed the jury that if they find in favor of the Plaintiffs for the breach of lease claim, they may only award Plaintiffs property damages pursuant to the Virginia Landlord and Tenant

Act incorporated in every Virginia lease. *Id.* at 2160:24-2161:5. The jury found in favor of the Defendants on this claim.

To find for the plaintiff in a negligence per se claim in Virginia, the jury must find:

[1] the tortfeasor [defendant] had a duty of care to the plaintiff,

[2] the standard of care for that duty was set by statute [the Virginia Building Code],

[3] the statute was enacted for public health and safety reasons,

[4] the plaintiff was a member of the class protected by the statute,

[5] the tortfeasor engaged in acts that violated the standard of care set out in the statute,

[6] the injury was of the sort intended to be covered by the statute, and

[7] the violation of the statute was a proximate cause of the injury.

*Steward ex rel. Steward v. Holland Family Properties, LLC*, 284 Va. 282, 287 (2012) (citing *McGuire v. Hodges*, 273 Va. 199, 206 (2007)). The Court instructed the jury that the first four elements were met. Trial Tr. 2162:1-8, ECF No. 972. Therefore, the jury was required to find that Defendants engaged in acts that violated the standard of care set out in the Virginia Building Code, the injury was of the sort intended to be covered by the Virginia Building Code, and the violation of the Virginia Building Code was a proximate cause of the injury. *Id.* at 2162:9-21. The Court instructed the jury to award personal injury damages under this claim if they found in favor of the Plaintiffs. *Id.* at 2169:21-2170:24.

The elements for a breach of contract claim and a negligence per se claim are different and require different proof. Plaintiffs also sought different types of damages for each claim. Additionally, as noted above, the Parties presented conflicting evidence in support of their positions for each of these claims. Therefore, it is not legally inconsistent for the jury as fact finders to have found in favor of Defendants on the breach of contract claim and in favor of

9

Plaintiffs on the negligence per se claim. Plaintiffs have not demonstrated that the verdict is against the clear weight of the evidence, the verdicts are inconsistent, or any grounds for a new trial. Accordingly, Plaintiffs' Motion for a New Trial is **DENIED**.

### B. Plaintiffs' Renewed Motion for Judgment as to Liability, or In the Alternative, for Judgment Notwithstanding the Verdict

Plaintiffs argue that the Court should grant their Renewed Motion for Judgment as a Matter of Law in a new trial on the issue of liability for the breach of contract and negligence per se claim for similar reasons as their arguments for a new trial. Plaintiffs assert that the lease agreement incorporates VRLTA and the Virginia Building Code, and the Court-ordered stipulation regarding the presence and need for remediation of mold establishes a violation of these statutes. Plaintiffs also allege that the numerous repair tickets admitted during trial establish Defendant's inadequate responses to reports of mold. Plaintiffs alternatively request that the Court amend the verdict for breach of contract in favor of Plaintiffs in the amount of $31,777 or nominal damages and costs for undisputed property damages.

Defendants contend Plaintiffs' motion for judgment as to liability in a new trial is procedurally improper because Plaintiffs may not rely on evidence presented in the first trial and the prior jury's findings in a new trial. Defendants argue that the Court ordered evidentiary sanctions would not apply in a new trial. Defendants also argue Plaintiffs are not entitled to judgment as a matter of law or judgment notwithstanding the verdict because the existence and amount of Plaintiffs' property damages with respect to the breach of lease claim is disputed and there is evidence of Defendants' reasonableness with respect to the negligence per se claim. Defendants assert Plaintiffs cannot seek nominal damages without proving actual damages and only seek a judgment in their favor on the breach of lease claim in order to obtain attorneys' fees.

Considering the evidence in the light most favorable to Defendants and without retrying factual findings or credibility determinations the jury has reached, the Court finds that the evidence presented at trial is sufficient to support the jury's verdict. Furthermore, as discussed above, the jury's finding in favor of Defendants on the breach of lease claim and in favor of Plaintiffs on the negligence per se claim does not present an inconsistent verdict. As a result, Plaintiffs have not provided evidence to overcome the very high standard necessary to grant a Motion for Judgment as a Matter of Law or Judgment Notwithstanding the Verdict. Moreover, Plaintiffs may not raise a motion for judgment as a matter of law or judgment notwithstanding a verdict in a new trial because the Court has denied their motion for a new trial. Accordingly, Plaintiffs' Renewed Motion for Judgment as to Liability, or In the Alternative, for Judgment Notwithstanding the Verdict is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for a New Trial and Renewed Motion for Judgment as to Liability, or In the Alternative, for Judgment Notwithstanding the Verdict is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 23, 2016

Raymond A. Jackson
United States District Judge