IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHELLEY FEDERICO, et al.,

    Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:12cv80

MID-ATLANTIC MILITARY FAMILY
COMMUNITIES, LLC, et al.,

    Defendants.

Member Cases:     2:12cv596
                             2:14cv178

## MEMORANDUM OPINION & ORDER

Before the Court is LPC Property Management, Inc.'s ("Defendant") Motion for Attorneys' Fees. ECF No. 988. Defendant requests attorneys' fees and expenses as a result of the jury returning a verdict in favor of Defendants on the breach of contract claim. Also before the Court is Plaintiffs' request for attorneys' fees in responding to Defendant's motion. These matters have been fully briefed and are ripe for disposition. A hearing will not aid judicial determination. For the reasons set forth herein, Defendant's Motion for Attorneys' Fees is **DENIED** and Plaintiffs' request for attorneys' fees is **GRANTED**.

### I. PROCEDURAL HISTORY

On January 11, 2012, Plaintiffs filed a complaint against Defendants in the Circuit Court for the City of Norfolk. On February 10, 2012, Defendants removed the action to this Court. A civil jury trial for this matter began on March 29, 2016. On April 14, 2016, after a twelve day trial, the jury returned a verdict in favor of the Defendants on the breach of contract claim and

1

against Defendant Mid-Atlantic Military Family Communities, LLC on the negligence per se claim. The jury awarded Plaintiff Joe Federico $200,000 and Plaintiff Shelley Federico $150,000 dollars for the negligence per se claim. Judgment was entered on April 19, 2016. ECF No. 983.

Defendant timely filed the instant motion on May 3, 2016. ECF No. 988. Plaintiffs filed their Response in Opposition on May 18, 2016. ECF No. 997. Defendant filed its Reply on May 26, 2016. ECF No. 1002. Defendant requests $897,062.75 in fees for successfully defending a breach of contract claim brought by the Plaintiffs. Defendant claims it is entitled to attorneys' fees pursuant to the Virginia Residential Landlord and Tenant Act ("VRLTA") and because of a provision in the lease providing: "If any legal action or proceeding is brought by either party to enforce any part of this Lease, the prevailing party will recover, in addition to all other relief, reasonable attorneys' fees and costs." Def.'s Mem. in Supp. of Mot. for Att'y Fees 3, ECF No. 989. Plaintiff counters that the VRLTA does not authorize lease provisions requiring tenants to pay attorneys' fees, and nonetheless, Defendant was a managing agent and not a party to the lease. Plaintiffs request $4,500 in attorneys' fees at a rate of $450 per hour incurred in opposing Defendant's fee request.

## II. LEGAL STANDARD

The VRLTA applies to all rental agreements entered into in Virginia on or after July 1, 1974. Va. Code § 55-248.3:1. Pursuant to the VRLTA, a tenant or landlord that successfully challenges compliance with a lease may recover reasonable attorneys' fees. *See* Va. Code § 55-248.21 (noting that if the landlord breaches the lease or fails to comply with the VRLTA, "[t]he tenant shall be entitled to recover reasonable attorneys' fees unless the landlord proves by a preponderance of the evidence that the landlord's actions were reasonable under the

2

circumstances"); Va. Code § 55-248.31 (noting that a landlord may recover reasonable attorneys' fees "in the event of a breach of the rental agreement or noncompliance by the tenant").

However, the VRLTA prohibits a lease term in which a tenant agrees to pay a landlord's attorneys' fees. Va. Code § 55-248.9 ("A. A rental agreement shall not contain provisions that the tenant: ... 4. Agrees to pay the landlord's attorney's fees except as provided in this chapter."). The VRLTA also provides, "B. A provision prohibited by subsection A included in a rental agreement is unenforceable. If a landlord brings an action to enforce any of the prohibited provisions, the tenant may recover actual damages sustained by him and reasonable attorney's fees." Va. Code § 55-248.9.

### III. DISCUSSION

Defendant cites *West Square, L.L.C. v. Communication Techs., Inc.*, 274 Va. 425, 433 (2007) for the principle that when there is a contractual provision providing for attorneys' fees, a prevailing party is generally entitled to recover attorneys' fees. Notably, that case involved a commercial real estate lease where a landlord sought attorneys' fees after prevailing on a breach of lease claim brought against a tenant. In contrast, this matter involves a residential lease and the Defendant seeks attorneys' fees for prevailing on a breach of lease claim brought by the tenants. Defendant does not cite any case where a landlord was awarded attorneys' fees for defending a claim brought by a tenant.

Defendant also cites Va. Code § 55-248.21 and § 55-248.31 of the VRLTA as providing for the recovery of attorneys' fees for a tenant or landlord that succeeds on a claim under the lease. These sections provide for attorneys' fees when a tenant or landlord successfully challenges the other party's compliance with the lease, not for a party successfully defending a claim brought against it. Further, as noted above, the VRLTA expressly prohibits lease terms

3

requiring tenants to pay a landlord's attorneys' fees, except for when a landlord successfully challenges a tenant's compliance with a lease, and designates such a term unenforceable. Accordingly, the provision in the lease requiring Plaintiffs to pay attorneys' fees is unenforceable as it is contrary to the VRLTA.

Defendant LPC Property Management, Inc. is a managing agent for the landlord Defendant Mid-Atlantic Military Family Communities, LLC. The Court held that Defendant LPC Property Management, Inc. was a proper party under the breach of lease claim based on Va. Code § 8.01-226.12 and the VRLTA. Trial Tr. 1987-1994, ECF No. 964; Trial Tr. 2030:8-14, ECF No. 972. The VRLTA is incorporated in the lease agreement and cross references Va. Code § 8.01-226.12 with respect to the duty of a landlord and managing agent for visible mold. Va. Code § 55-248.11:2. Irrespective of Defendant's status as a party to the lease, Defendant may not obtain relief as an agent for the landlord which the landlord is prohibited from obtaining by the VRLTA's prohibition of a lease term requiring a tenant to pay the landlord's attorneys' fees. The Court will not award Defendant its excessive request for attorneys' fees pursuant to a clause in the lease that is clearly contrary to the VRLTA. Accordingly, Defendant's Motion for Attorneys' Fees is **DENIED**.

On the other hand, the Court approves Plaintiffs' fee request. Here it is clear the landlord, through its agent, has attempted to obtain attorneys' fees in violation of the VRLTA. The VRLTA provides that a tenant may recover damages and reasonable attorneys' fees if a landlord brings an action to enforce a prohibited provision in a lease. Va. Code § 55-248.9. The Court finds Plaintiffs' request for $4,500 in attorneys' fees for litigating this matter fair and reasonable. Therefore, Plaintiffs' request for attorneys' fees is **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Attorneys' Fees is **DENIED**. Plaintiffs' request for attorneys' fees is **GRANTED**. Defendant is **ORDERED** to pay Plaintiffs $4,500 in attorneys' fees within **THIRTY (30) DAYS** of the date of this Order. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 31, 2016

Raymond A. Jackson
United States District Judge